W. T. WILLIAMS, et al., *Appellants*, vs. J. TOM WATSON, *Appellee*.

137 So. 10.

138 So. 83.

En Banc.

Opinion filed October 13, 1931.

Petition for rehearing denied December 1, 1931.

46

*Sutton, Tillman & Reeves,* and *Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellants;

*J. Tom Watson,* for Appellee.

*Pat Whitaker* and *Henry E. Williams,* as Amici Curiae.

PER CURIAM.—Chapter 14572, Acts of 1929 contains the following:

"Section 13. (Section 1003-A). Any holder of a certificate of tax sale or a tax deed therefor, whether heretofore issued, including the State of Florida, is hereby authorized on and after January 1st, 1930, to file a bill in chancery to foreclose the lien of such certificate or deed, and the practice, pleading and procedure for foreclosure shall be in accordance with the practice, pleading and procedure for foreclosure of mortgages on real estate, except as herein otherwise provided and except that no personal judgment shall be given. No suit shall be brought on any tax sale certificate until after expiration of two years from the date of the certificate nor shall the State commence any such suit before the time hereinafter provided for such suit by the State.

Section 14. (Section 1003-B). A bill of complaint,

unless in a suit of the State, shall be sworn to, and shall briefly set forth the fact of the issuance of the tax certificate or deed and the fact that complainant has paid all omitted and subsequent taxes and interest thereon and has redeemed all subsequent tax sale certificates affecting the same land. A bill of complaint of the State shall briefly set forth the fact of the issuance of the tax certificate or deed and shall allege the amount required to redeem the same including all omitted subsequent taxes and interest thereon. All bills of complaint shall have attached thereto as an exhibit, such tax sale certificate or deed or a copy thereof, and a statement of searches, and it shall be the duty of the Clerk of the Circuit Court to make such searches and prepare such statement for use in such action when requested, for which service he shall receive the fees allowed by law.

Section 15. (Section 1003-C). In suits brought on tax sale certificates or deeds held by the State of Florida, or any individual or corporation, as many tax sale certificates and or deeds on lands in the same county may be included in one suit as the complainant may desire and as many parties may be made defendant as may be necessary. All those having or claiming any interest in any lands embraced in any of such tax sale certificates, or deeds, by reason of ownership, lien or otherwise, may be made parties to such suits, and personal service of process and constructive service by publication shall be made and given in accordance with the law applicable to the foreclosure of mortgages upon real estate unless otherwise herein provided.

Section 18. (1003-F). The complainant shall be entitled to recover a reasonable attorney's fee not to exceed twenty-five dollars ($25.00) and ten percent (10%) of the amount found to be due to be fixed by the Court.

In fixing the fee of the attorney the Court shall take into consideration the use which the complainant has made of the privilege herein of including in one suit more than one certificate and if the Court shall be of the opinion that there has been unnecessary separation of causes of action on the same or different parcels of

land which might have been joined in one action it shall not allow or fix an attorney's fee greater than would have been allowed if the actions had been combined.

Section 19. (103-G). Suits on tax certificates and deeds held by the State shall be brought in the name of the State of Florida for its own use and for the use of the county in which the land lies. The costs of suit and attorney's fees, if not paid out of the proceeds of sale, shall be paid by the State and county in such proportion as may be determined by the Court. When suit shall be ordered as hereinafter provided, the Board of County Commissioners shall employ an attorney or attorneys for that purpose.

Section 21. (Section 1003-I). Tax certificates upon which action shall have been commenced may be redeemed before sale under final decree by paying to the Clerk of the Circuit Court the full amount due therein, including all omitted subsequent taxes and subsequent taxes and subsequent tax sale certificates, with interest, fees and costs, and in such event the action shall be dismissed and the tax certificate or certificates canceled and the clerk shall make distribution of the money according to law.

Section 22. (Section 1003-J). If the Court shall determine that any tax, tax sale certificate, tax deed or portion thereof is illegal, the court shall enter a decree for such taxes, or portion thereof, as may be due and unpaid, with penalty, interest and costs, and in such case shall make such orders as to costs and attorney's fees as shall appear to be reasonable and just.

Section 30. (1003-R). Action to foreclose tax certificates or deeds held by the State shall be begun only upon direction of the Comptroller or the Board of County Commissioners of the county in which the land lies, but not before two years after the date of the tax sale certificate, nor shall the State commence any such action before July 1, 1930, or prior to the final determination as herein provided, of any application filed pursuant to this Act for an adjustment or compromise of delinquent taxes against such land.''

The above provisions of the statute do not authorize

the Board of County Commissioners to make a two-year contract with an attorney at law purporting to authorize such attorney "to bring actions to foreclose tax certificates or deeds issued in the name of the State of Florida on all real estate situated" in a county, "in accordance with the provisions of Chapter 14572" and agreeing "to pay the attorney for his service in this behalf such compensation as is fixed by Chapter 14572 of the Laws of Florida 1929 after a foreclosure suit shall have been filed by the attorney to foreclose the lien of any tax certificate or deed subject to foreclosure under the provisions of said Act and the sum of ten per cent. (10%) of the amount, both principal and interest, paid to the clerk of the Circuit Court of Hillsborough County, Florida, in redemption and or sale of any tax certificate or deed, if such tax certificate and or deed shall be directed to be foreclosed as hereinafter provided and prior to the filing of a suit therein, which filing would result in taxing the attorney's fee and costs against the taxpayers," and "that the Board will from time to time during the existence of this contract, select tax certificates and or deed which in its discretion it directs by proper resolution ought to be foreclosed, and furnish the attorney with a list of such tax certificates and or deeds, and thereafter such certificates and or deeds shall, for all intents and purposes, be considered as in the hands of the attorney for foreclosure, and the Clerk of the Circuit Court of Hillsborough County, Florida, shall segregate the tax certificates and or deeds so directed to be foreclosed from other tax certificates and or deeds issued in the name of the State of Florida in his office and make an appropriate notation on the certificate and or deed as to such fact and, in case of redemption or sale of any such certificate add to the amount required to redeem the attorney's fees and costs, provided a suit shall have been filed to foreclose the lien of such tax certificate and

or deed, and the attorney shall have notified the Clerk of this fact and the Clerk of the Circuit Court of Hillsborough County, Florida, shall further segregate all amounts of money paid in redemption or sale of any tax certificate and or deed after the same has been placed in the hands of the attorney for foreclosure, and keep such moneys in a separate fund, out of which the Clerk shall first pay the attorney's fees of ten per cent. (10%) hereinbefore provided and the costs and expenses incident to filing suits to foreclose the tax certificate and or deeds, and remit the balance remaining to the Comptroller of the State of Florida as required by law and the instructions of the comptroller;'' and ''that any tax certificate and or deed issued in the name of the State of Florida that may become subject to foreclosure under the provisions of Chapter 14572 of the laws of Florida 1921, during the existence of this contract, and which in the discretion of the Board ought to be foreclosed, shall be directed turned over to the attorney for such purpose;'' and ''that the Board will from time to time, as requested, advance the necessary costs and expenses in connection with the filing of foreclosure suits on tax certificates and or deeds directed to be foreclosed by the board, such advances to be sufficient to cover the costs of procuring information regarding the ownership of the real estate and the costs of court;'' and ''that the Comptroller of the State of Florida shall issue appropriate directions and instructions to the Clerk of the Circuit Court of Hillsborough County, Florida, regarding the handling of tax certificates and deeds directed to be foreclosed and the moneys arising from redemption and sales thereof;'' and ''that this contract and agreement shall be binding on the parties hereto for a period of two (2) years after the date of the same, and that any suits instituted by this attorney prior to the expiration of this contract and agreement shall be

carried on and prosecuted to a final decree and sale by the attorney.''

The Circuit Court overruled a demurrer to a bill of complaint brought by a resident taxpayer alleging the invalidity of the contract as being unauthorized by the statute and praying that the validity or illegality of the contract be determined and ''that the County Commissioners and the Clerk aforesaid be enjoined from paying out under said contract any of the county funds in violation of law, and that the further execution of said contract by said County Commissioners and said Clerk, insofar as such execution shall be determined to be illegal, be likewise enjoined.'' An appeal was taken by the defendants.

The statute does not contemplate that the tax sale certificates held by the Clerk of the Circuit Court as their authorized legal custodian, shall be delivered to an attorney except as may be necessary to prosecute duly authorized foreclosure proceedings thereon under the statutes as to particular certificates covered by appropriate orders duly made by the county commissioners and approved by the State Comptroller. The State including the school funds and also other governmental subdivisions besides the counties have interests in the tax sale certificates held by the clerk of the Circuit Court under authority of law; and the statute provides that ''Tax certificates upon which action shall have been commenced may be redeemed before sale under final decree by paying to the Clerk of the Circuit Court the full amount due thereon, including all omitted subsequent taxes and subsequent tax sale certificates, with interest fees and costs, and in such event the action shall be dismissed and the tax certificate or certificates canceled and the clerk shall make distribution of the money according to law.'' This does not contemplate that unearned fees of an attorney employed by the county commissioners

shall be paid from public funds. The statute provides that "the complainant shall be entitled to recover a reasonable attorney's fee not to exceed twenty-five dollars ($25.00) and ten per cent (10%) of the amount found to be due to be fixed by the Court." No other fees are allowed by the statute. The fees allowed and "fixed by the court" must be reasonable compensation for duly authorized professional services actually rendered.

The contract complained of is unauthorized by the statute and is wholly void and inoperative.

Affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., disqualified.

## ON PETITION FOR REHEARING.

BUFORD, C.J.—The opinion and judgment of the Court was filed in this case on October 13, 1931. A motion has been presented praying for a rehearing.

The opinion and judgment of the court does not preclude the County Commissioners from entering into a contract with an attorney to foreclose liens of tax certificates or tax deeds. The opinion and judgment does hold that the contract entered into by the County Commissioners with the attorney went beyond the scope of the authority of the County Commissioners in its terms and conditions and attempted to place unauthorized burdens on delinquent taxpayers, or upon the fund to be derived from the foreclosure of the tax liens involved.

The statute as therein construed authorizes the County Commissioners to enter into a contract with an attorney to foreclose a specific tax lien or certain specific tax liens as evidenced by tax certificates or a tax deed but does not authorize the Board of County Commissioners to enter into a blanket contract for a period of two years which would contemplate the withdrawal of all tax cer-

tificates from the Clerk's office and place them into the hands of an attorney for foreclosure, thereby burdening each and every tax certificate or lien to the extent of the attorney's fees contemplated by the contract.

In the petition for rehearing counsel calls attention to the special act of the legislature of 1931 known as House Bill 1298, and which applies to counties having· a population of not less than 143,000 and not more than 154,000, according to the last preceding State or Federal census, and contends that this act is controlling in regard to the right of the County Commissioners of Hillsborough County to make contracts with attorneys for the foreclosure of tax certificates or tax deeds. We do not deem it necessary to determine the validity of this act. It is sufficient to say here that this act will not be held to confer powers of jurisdiction on the Board of County Commissioners of Hillsborough County which are not conferred by Chapter 14572, Acts of 1929, under authority of the opinion and judgment in the case of Knight vs. Board of Public Instruction of Hillsborough County, filed at this term of the court.

It appears that re-hearing should be denied and it is. so ordered.

Rehearing denied.

WHITFIELD, ELLIS AND TERRELL, J.J., concur.

BROWN, J.—I am inclined to the view that under the statute the 'County Commissioners have authority to employ an attorney to foreclose tax certificates or tax deeds,. and where settlement is effected after notice given, but before suit is actually begun, to compensate such attorney for the reasonable value of the services performed by him in effecting such collection, such compensation not to exceed 10 per cent of the amount thus collected, as provided in the statute. If the Commissioners have the power, it seems to me that they could enter into a con-

54

tract to that effect with the attorney in advance of the doing of the work.